IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PBSC URBAN SOLUTIONS, <br><br> Plaintiff, <br><br> v. <br><br> MOTIVATE INTERNATIONAL INC. and NYC BIKE SHARE, LLC, <br><br> Defendants. | Civil Action No. 1:15-cv-6398 <br><br> Judge <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, PBSC Urban Solutions ("Plaintiff"), by its attorneys, for its complaint against Defendants, Motivate International Inc. and NYC Bike Share, LLC, (collectively, "Defendants"), states as follows:

### Jurisdiction and Venue

1. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

2. This Court has jurisdiction of this action based upon federal question pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

### The Parties

4. Plaintiff is, and at all times relevant to the matters alleged in this complaint has been, a Canadian corporation with its principal place of business located at 1120 Marie-Victorin Boulevard, Longueuil, Quebec, Canada. Plaintiff engages in the research, development, and commercialization of public bicycle sharing systems. Plaintiff's bike-sharing bicycles, bicycle

1

docks, and electronic locking systems are used in public bicycle sharing systems for cities and municipalities in Canada, the United States (including this District), and abroad.

5. Defendant, Motivate International Inc. ("Motivate"), formerly known as Alta Bicycle Share, Inc., is a Delaware corporation with its principal place of business located at 5202 3rd Avenue, Brooklyn, New York 11232. Motivate delivers, installs and operates public bicycle sharing systems in municipalities in the United States and abroad.

6. Defendant, NYC Bike Share LLC ("NYC Bike Share"), is a New York limited liability company with its principal place of business located at 5202 3rd Avenue, Brooklyn, New York 11232. NYC Bike Share is a subsidiary of Motivate. NYC Bike Share operates Citi Bike, New York City's public bicycle sharing system.

## The Patents in Suit

7. On June 23, 2009, the United States Patent and Trademark Office (the "PTO") duly and legally issued U.S. Design Patent No. D594,787 (the "'787 Patent"), entitled "Bicyle." Plaintiff is the owner, by assignment, of all right, title, and interest to the '787 Patent. A copy of the '787 Patent is attached as Exhibit A to this Complaint.

8. On July 7, 2009, the PTO duly and legally issued U.S. Design Patent No. D595,618 (the "'618 Patent"), entitled "Bicycle Rack." Plaintiff is the owner, by assignment, of all right, title, and interest to the '618 Patent. A copy of the '618 Patent is attached as Exhibit B to this Complaint.

9. On November 22, 2011, the PTO duly and legally issued U.S. Patent No. 8,061,499 (the "'499 Patent"), entitled "Method and Apparatus for Securing a Movable Item to a Structure." Plaintiff is the owner, by assignment, of all right, title, and interest to the '499 Patent. A copy of the '499 Patent is attached as Exhibit C to this Complaint.

10. On September 25, 2012, the PTO duly and legally issued U.S. Patent No. 8,272,491 (the "'491 Patent"), entitled "Method and Apparatus for Securing a Movable Item to a Structure." Plaintiff is the owner, by assignment, of all right, title, and interest to the '491 Patent. A copy of the '491 Patent is attached as Exhibit D to this Complaint.

**Background Facts**

11. Plaintiff developed the source code and software (the "Software") used to operate the payment kiosks and bicycle docks for public bicycle sharing systems. The Software is proprietary and confidential to Plaintiff. The Software allows Plaintiff to control the kiosks and bicycle docks remotely.

12. In 2014, Plaintiff supplied equipment and services, including Software and spare parts for bike-sharing bicycles, modular bicycle docks, and payment kiosks to Alta Bicycle Share, Inc. for the public bicycle sharing system in New York City.

13. In or around October 2014, REQX Ventures, LLC (REQX) approached Plaintiff regarding a potential business relationship, requesting information concerning Plaintiff's capabilities and services, including Plaintiff's bike-sharing bicycles, modular bicycle docks, payment kiosks, and Software.

14. Pursuant to a non-disclosure agreement with REQX, Plaintiff disclosed information concerning its products and Software to REQX.

15. In or around October 2014, REQX acquired Alta Bicycle Share, which subsequently changed its name to Motivate.

16. In or around April 1, 2015, Motivate ceased using Plaintiff's Software, and Plaintiff lost remote control over the kiosks and bicycle docks in the public bicycle share system in New York City.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,061,499**

17. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 16, and incorporates them herein by reference.

18. Motivate and NYC Bike Share have been and are still infringing the '499 Patent by making, using, selling, importing, exporting or offering to sell in the United States, bike share bicycles and bike share bicycle racks, which embody, incorporate or otherwise practice the claimed inventions.

19. To the extent that Motivate and NYC Bike Share have continued and still continue their infringing activities after receiving notice of the '499 Patent, such infringement is willful, entitling Plaintiff to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an exceptional case, justifying an award of attorneys' fees and costs to Plaintiff pursuant to 35 U.S.C. § 285.

20. As a direct and proximate result of Motivate's and NYC Bike Share's infringement of the '499 Patent, Plaintiff has been and continues to be damaged in its business and property, including the loss of revenues in an amount to be determined at trial.

21. Motivate and NYC Bike Share have caused damage by their acts of infringement of the '499 Patent, and Motivate and NYC Bike Share will cause additional damages and irreparable harm unless the Court enjoins Motivate and NYC Bike Share from continuing such infringing acts and initiating such acts in the future.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,272,491**

22. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 21, and incorporates them herein by reference.

23. Motivate and NYC Bike Share have been and are still infringing the '491 Patent by making, using, selling, importing, exporting or offering to sell in the United States, bike share bicycles and bike share bicycle racks, which embody, incorporate or otherwise practice the claimed inventions.

24. To the extent that Motivate and NYC Bike Share have continued and still continue their infringing activities after receiving notice of the '491 Patent, such infringement is willful, entitling Plaintiff to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an exceptional case, justifying an award of attorneys' fees and costs to Plaintiff pursuant to 35 U.S.C. § 285.

25. As a direct and proximate result of Motivate's and NYC Bike Share's infringement of the '491 Patent, Plaintiff has been and continues to be damaged in its business and property, including the loss of revenues in an amount to be determined at trial.

26. Motivate and NYC Bike Share have caused damage by their acts of infringement of the '491 Patent, and Motivate and NYC Bike Share will cause additional damages and irreparable harm unless the Court enjoins Motivate and NYC Bike Share from continuing such infringing acts and initiating such acts in the future.

**COUNT III – INFRINGEMENT OF U.S. DESIGN PATENT NO. D594,787**

27. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 26, and incorporates them herein by reference.

28. Without Plaintiff's authorization, Motivate and NYC Bike Share have manufactured, have had manufactured on their behalf, have offered for sale, and/or have sold in the United States a bicycle (the "Infringing Bicycle") with a design that is covered by the '787 Patent. Figure 4 of the '787 Patent is shown below next to a photograph of the Infringing Bicycle.

| *The '787 Patent* | *The Infringing Bicycle* |
|---|---|
|  | |

29. Motivate and NYC Bike Share have been and are still infringing the '787 Patent within the meaning of 35 U.S.C. § 271.

30. Motivate and NYC Bike Share are, and have been, aware of the '787 Patent.

31. Motivate and NYC Bike Share are, and have been, aware of Plaintiff's contention that Motivate's and NYC Bike Share's aforementioned activities involving the Infringing Bicycle infringe the '787 Patent.

32. To the extent that Motivate and NYC Bike Share have continued and still continue their infringing activities after receiving notice of the '787 Patent, such infringement is willful, entitling Plaintiff to the recovery of treble damages pursuant to 35 U.S.C. § 284. In addition, this is an exceptional case, justifying an award of attorneys' fees and costs to Plaintiff pursuant to 35 U.S.C. § 285.

33. As a direct and proximate result of Motivate's and NYC Bike Share's infringement of the '787 Patent, Plaintiff has been and continues to be damaged in its business and property, including the loss of revenues in an amount to be determined at trial.

34. Motivate and NYC Bike Share have caused damage by their acts of infringement of the '787 Patent, and Motivate and NYC Bike share will cause additional damages and

6

irreparable harm unless the Court enjoins Motivate and NYC Bike Share from continuing such infringing acts and initiating such acts in the future.

## COUNT IV – INFRINGEMENT OF U.S. DESIGN PATENT NO. D595,618

35. Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 34, and incorporates them herein by reference.

36. Without Plaintiff's authorization, Motivate and NYC Bike Share have manufactured, have had manufactured on their behalf, have offered for sale, and/or have sold in the United States a bicycle rack (the "Infringing Bicycle Rack") with a design that is covered by the '618 Patent. Figures 1 and 2 of the '618 Patent are shown below next to photographs of the Infringing Bicycle Rack.



| *The '618 Patent* | *The Infringing Bicycle Rack* |

7

| *The '618 Patent* | *The Infringing Bicycle Rack* |
|---|---|
|  | |

37. Motivate and NYC Bike Share have infringed and continue to infringe the '618 Patent within the meaning of 35 U.S.C. § 271.

38. Motivate and NYC Bike Share are, and have been, aware of the '618 Patent.

39. Motivate and NYC Bike Share are, and have been, aware of Plaintiff's contention that Motivate's and NYC Bike Share's aforementioned activities involving the Infringing Bicycle Rack infringe the '618 Patent.

40. To the extent that Motivate and NYC Bike Share have continued and still continue their infringing activities after receiving notice of the '618 Patent, such infringement is willful, entitling Plaintiff to the recovery of treble damages pursuant to 35 U.S.C. § 284. In

addition, this is an exceptional case, justifying an award of attorneys' fees and costs to Plaintiff pursuant to 35 U.S.C. § 285.

41. As a direct and proximate result of Motivate's and NYC Bike Share's infringement of the '618 Patent, Plaintiff has been and continues to be damaged in its business and property, including the loss of revenues in an amount to be determined at trial.

42. Motivate and NYC Bike Share have caused damage by their acts of infringement of the '618 Patent, and Motivate and NYC Bike share will cause additional damages and irreparable harm unless the Court enjoins Motivate and NYC Bike Share from continuing such infringing acts and initiating such acts in the future.

## **Prayer for Relief**

WHEREFORE, by reason of the foregoing, Plaintiff respectfully requests that this Court enter judgment against Defendants Motivate International Inc. and NYC Bike Share, LLC that:

A. Defendants have infringed the '499 Patent, '491 Patent,'787 Patent and '618 Patent;

B. Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and/or permanently enjoined from infringing the '499 Patent, '491 Patent, '787 Patent and '618 Patent, pursuant to 35 U.S.C. § 283;

C. Defendants pay damages adequate to compensate for the infringement of the '499 Patent and '491 Patent, including interest and costs, pursuant to 35 U.S.C. § 284;

D. Defendants pay damages adequate to compensate for the infringement of the the '787 Patent and '618 Patent or an award of Defendants' profits from its infringement pursuant to 35 U.S.C. § 289, whichever is greater, including interests and costs;

E. trebling of damages for willful infringement pursuant to 35 U.S.C. § 284;

F.	a finding by the Court that this case is exceptional under 35 U.S.C. § 285; and

G.	Plaintiff is granted such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, PBSC Urban Solutions hereby demand a trial by jury on all issues triable of right by jury.


Dated:  November 6, 2015			Respectfully submitted,

			               /s/ Danielle Anne Phillip

			Danielle Anne Phillip (DP-2295)
			BRINKS GILSON & LIONE
			NBC Tower - Suite 3600
			455 North Cityfront Plaza Drive
			Chicago, Illinois  60611
			Phone:  (312) 321-4200
			Fax:  (312) 321-4299
			E-mail:  dphillip@brinksgilson.com

			James R. Sobieraj (*of counsel*)
			BRINKS GILSON & LIONE
			NBC Tower - Suite 3600
			455 North Cityfront Plaza Drive
			Chicago, Illinois  60611
			Phone:  (312) 321-4200
			Fax:  (312) 321-4299
			E-mail:  jsobieraj@brinksgilson.com

			Attorneys for Plaintiff PBSC Urban Solutions